IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark McCune,<br><br>    Plaintiff,<br><br>v.<br><br>PHH Mortgage,<br><br>    Defendant. | No. CV-19-00525-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss. (Doc. 44). Plaintiff field a Response (Doc. 51) and Defendant a Reply (Doc. 54).

*1. Factual and Procedural Background*

Plaintiff resides at 2131 North Frannea Drive, Tucson, AZ 85712 (the "Property"). The Property originally belonged to Plaintiff's mother – Lois Knott. In May 2003, Knott obtained a Home Equity Line of Credit Agreement ("HELOC") from Nova Home Loans ("Nova") that was secured by the Deed of Trust on the Property (the "Subject Loan"). Although Nova was the original lender, the Subject Loan was subsequently transferred and assigned to Wells Fargo Bank ("Wells Fargo"), in its capacity as Trustee for the GMACM Home Equity Loan Trust 2004-HE1 (the "Trust"), in 2013. Defendant PHH Mortgage services the Subject Loan on behalf of the Trust.

The HELOC provided Knott with a 10 year "draw period" where she could draw funds, up to $100,000.00. She took an initial advance of $54,000.00 in May 2003. After that, Knot drew various amounts from the HELOC, culminating with a final draw in the

amount of $8,700.00 in August 2004, bringing the total amount withdrawn to $100,000.00. (Doc. 39-2, pg. 37). The HELOC provided for a repayment period of 5 years after the 10 year "draw period" expired. Plaintiff does not dispute that Knott signed the HELOC Agreement and withdrew funds during the "draw period." Knot passed away in July 2006 and in March 2011, Plaintiff obtained title to the Property through a Deed of Distribution. (Doc. 36-1, pg. 13).

That Deed of Distribution provided, in pertinent part:

> The undersigned Personal Representative, in order to make distribution of the property of this estate in compliance with A.R.S. Title 14, hereby distributes, assigns and quitclaims to: Mark McCune, a single man, **subject to all encumbrances thereon**, all right, title and interest of the decedent in and to the following described property located in Pima County, Arizona . . . 2131 E. Frannea Dr., Tucson, AZ . . .

*Id.* (emphasis added).

The Subject Loan is in default and, as of January 2, 2020, the amount due and owing is $140,444.87. (Doc. 36-1, pg. 17). Since 2016, multiple attempts to foreclose on the Property were made, but due to a variety of stalling tactics initiated by Plaintiff, including requests for temporary restraining orders and a bankruptcy, Plaintiff has thus far successfully thwarted the inevitable.

In a similar attempt to prevent yet another foreclosure attempt on the Property, Plaintiff filed the underlying case in the form of a Complaint commingled with a request for a temporary restraining order in October 2019. (Doc. 1). The Court granted Plaintiff's request for a temporary restraining order (Doc. 8), and Plaintiff quickly filed a request for a preliminary injunction. (Docs. 13, 14). A hearing to address those motions was held on March 11, 2020 and this Court denied Plaintiff's request for a preliminary injunction. (Doc. 52).

  2. *Defendant's Motion to Dismiss*

On January 31, 2020, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 44). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Defendant's Motion to Dismiss seeks dismissal of all of Plaintiff's claims included in his Amended Complaint and the Court will address each claim separately.

    A.  *Claim 1*

Plaintiff alleges that Defendant engaged in mail fraud and, as factual "support," attaches a letter from Wells Fargo where Wells Fargo verifies that they are ""the trustee to the securitization that holds a loan on [the Property]." (Doc. 36-1, pg. 48). Plaintiff provides no actual factual support that Defendant engaged in mail fraud and Plaintiff's provided "evidence" is unavailing. Plaintiff's Claim 1 will be dismissed.

    B.  *Claims 2, 10, and 11*

Plaintiff's second, tenth, and eleventh claims state that Defendant has never provided an accounting, validation of debt, or pay off statement for the Property. (36, pg. 2). Attached to Plaintiff's Amended Complaint is a payoff quote from Defendant dated January 2, 2020 showing the current principal balance, total interest, late charges, and total amount due and owing. (Doc. 36-1, pg. 17). Defendant provided Plaintiff with sufficient information to determine the amounts due and owing and Plaintiff's Claim 2, 10, and 11 will be dismissed.

    C.  *Claims 3 and 4*

Plaintiff's third and fourth claims state that Defendant does not own any loan, debt, or deed of trust on the Property. Plaintiff is correct that Defendant does not own any loan, debt, or deed of trust on the Property. The Trust is the actual owner and Defendant services the Subject Loan on behalf of the Trust. Plaintiff's factual observation is not based on a legal theory and Plaintiff's Claims 3 and 4 will be dismissed.

    D.  *Claim 5*

Plaintiff's fifth claim states that Defendant was not hired to service the Loan, but

fails to provide any factual basis for his allegation. Even though Plaintiff himself attaches documentation from Wells Fargo confirming that Defendant is the Loan's servicer, (Doc. 36-1, pg. 48), Plaintiff's incorrect statement of fact is not a legal theory and Plaintiff's Claim 5 will be dismissed.

### E. Claim 6

Plaintiff's sixth claims states that "PHH Mortgage is not the party forclosing [sic] on 2131 N Frannea . [sic] Western Progressive is , [sic]." (Doc. 36, pg. 2). Plaintiff's statement of fact is correct. However, despite his correct statement of fact, this claim does not advance a cognizable legal theory and Plaintiff's Claim 6 will be dismissed.

### F. Claim 7

Plaintiff's seventh claim states that Plaintiff "disagrees with the $100,000 forcloser [sic] price there is no value on deed of trust [sic] the deed of trust does not have a $100,000 value, it says on the deed of trust pg 1 that it is only a 100k credit limit." (Doc. 36, pg. 2). Whether or not Plaintiff "disagrees" with the foreclosure price listed on the deed of trust is immaterial. This claim fails to advance a legal theory and Plaintiff's Claim 7 will be dismissed.

### G. Claim 8

Plaintiff's eighth claim states that "Wells Fargo does not have a loan on 2131 N Frannea." (Doc. 36, pg. 2). Plaintiff's statement of fact is accurate. Wells Fargo is not the holder of the Loan, the Trust is. Wells Fargo is a Trustee. Despite Plaintiff's correct statement of fact, this claim does not advance a cognizable legal theory and Plaintiff's Claim 8 will be dismissed.

### H. Claim 9

Plaintiff's ninth claim states that "Nova Home Loans is not a true lender on 2131 N. Frannea and the monthly foreclosure letters sent to [him] are fraud." (Doc. 36, pg. 2). As discussed earlier, although Nova was the original lender, Nova transferred the Subject Loan to Wells Fargo. In addition, Nova is not a party to this lawsuit, so any allegation that they are engaging in fraud is not pertinent to claims against Defendant. This claim fails to

advance a legal theory against Defendant and Plaintiff's Claim 9 will be dismissed.

### I. Claim 12

Plaintiff's twelfth claim alleges that Defendant's action is time barred due to the six-year statute of limitations prescribed by A.R.S. § 12-548. "When a creditor has the power to accelerate a debt, the six-year statute of limitations begins to run on the date the creditor exercises that power." *Andra R Miller Designs LLC v. US Bank NA*, 244 Ariz. 265, 270, 418 P.3d 1038, 1043 (Ct. App. 2018), review denied (July 3, 2018). Defendant exercised its power to accelerate the debt on April 25, 2016, when it first recorded a Notice of Trustee's Sale. (Doc. 44-1, pg. 19-21). Therefore, the six-year statute of limitations pursuant to A.R.S. § 12-548 will not expire until April 2022, excluding any applicable legal tolling, and Plaintiff's Claim 12 will be dismissed.

### J. Claim 13

Plaintiff's thirteenth claim alleges that the Tucson Police Department is investigating a felony that Nova and Defendant have allegedly committed fraud because "Nova recorded fraudulent paper work in 2015 so Western Progressive could forclose [sic] on 2131 N Frannea and then Ocwen would take over $100,000 from the foreclosure sale!" (Doc. 36, pg. 2). Plaintiff further states that Nova admitted that there is no loan on the Property and attaches a letter from Nova's attorney stating that Nova does not have a security interest in the Property. (Doc. 36-1, pg. 23). This fact is uncontested. Although Nova was the original lender, the loan was subsequently transferred to Wells Fargo. Plaintiff has failed to advance any facts that support a cognizable legal theory and Plaintiff's Claim 13 will be dismissed.

### K. Claim 14

Plaintiff's fourteenth claim alleges that he "do[es] not believe PHH is a real loan servicer on [the Property]." (Doc. 36, pg. 3). Like all of Plaintiff's claims, this claim is merely a statement of Plaintiff's erroneous belief. Plaintiff provides zero factual allegations supporting his contention and Plaintiff's own belief is not a sufficient basis to support a cognizable legal theory and Plaintiff's Claim 14 will be dismissed.

*L.* Claim 15

Plaintiff's fifteenth claim alleges that he inherited the Property with zero debt in March 2011 and that he "believes" the Subject Loan was paid off in 2003. None of the attachments to Plaintiff's Amended Complaint support his contention. Rather, those attached documents clearly indicate that the Subject Loan has a current balance over $144,000.00. Plaintiff has not provided any evidentiary support for his contention that the entire Subject Loan was paid off in 2003. Plaintiff's "belief" that the Subject Loan was paid off is not a sufficient basis to support a cognizable legal theory and Plaintiff's Claim 15 will be dismissed.

Accordingly, IT IS ORDERED Defendant's Motion to Dismiss (Doc. 44) is **granted**. This case is **dismissed with prejudice** and each party shall bear their own attorneys' fees, costs, and expenses.

IT IS FURTHER ORDERED the Clerk of Court shall close its file in this matter.

Dated this 7th day of April, 2020.

_____
Honorable Cindy K. Jorgenson
United States District Judge